UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCORE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TRAFIGURA TRADING, LLC, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT** |

Glencore Ltd. ("Glencore"), by and through its undersigned counsel, alleges against defendant Trafigura Trading, LLC ("Trafigura," and together with Glencore, the "Parties") as follows:

**PRELIMINARY STATEMENT**

1. Glencore brings this action to recover approximately $4 million owed by Trafigura related to taxes and fees paid by Glencore in connection with its sales of fuel products to Trafigura. Under the relevant sale agreements, these taxes and fees are subject to reimbursement by Trafigura.

2. In June 2018, Glencore entered into two contracts with Trafigura. Under these contracts, Glencore, as seller, agreed to deliver reformulated gasoline blendstock for oxygen blending ("RBOB"), more commonly referred to as gasoline, to Trafigura in Rhode Island. In turn, Trafigura, as purchaser, agreed to receive RBOB and to pay any taxes, tariffs, duties, fees, or other imposts that Glencore would incur as a result of the sale and delivery of the RBOB.

3. On June 29, 2018, and July 3, 2018, Glencore delivered RBOB to Trafigura in Rhode Island, incurring approximately $4 million in taxes and fees in connection with the two deliveries. Despite Glencore's demand that Trafigura repay Glencore for the monies owed under the Parties' agreements, Trafigura has not paid Glencore those amounts.

4.      Accordingly, Glencore brings this action to recover the approximately $4 million owed by Trafigura, as well as attorneys' fees and costs, as provided under the contracts.

## PARTIES

5.      Glencore is a corporation organized and existing under the laws of Switzerland with its principal place of business in Baar, Switzerland, and an office at 330 Madison Avenue, New York, New York 10017-5041.

6.      Upon information and belief, Trafigura is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 5 Houston Center, 1401 McKinney St, Ste. 1500, Houston, Texas 77010.

7.      Upon information and belief, Trafigura's only member is Trafigura U.S. Inc., a Delaware corporation with its principal place of business in Texas.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because the matter in controversy:  (i) exceeds the sum or value of $75,000, exclusive of interest and costs; and (ii) is between Glencore, a citizen of a foreign state, and Trafigura, a citizen of the States of Delaware and Texas.

9.      This Court may exercise personal jurisdiction over Trafigura under Section 16 of the Nave Pulsar Contract and the FPMC20 Contract (defined below), through which Trafigura consented that any dispute between the Parties relating to the FPMC20 Contract and the Nave Pulsar Contract shall be submitted to the exclusive jurisdiction of the United States District Court for the Southern District of New York.  This Court may also exercise personal jurisdiction over Trafigura under N.Y. C.P.L.R. § 302(a)(1), made applicable by Fed. R. Civ. P. 4(k)(1)(a), because

Trafigura transacted business within the State of New York by invoking the benefits and protections of New York law under the FPMC20 Contract and the Nave Pulsar Contract.

10. Venue is proper in this District under: (i) 28 U.S.C. § 1391(b)(1), because Trafigura is a resident of this District based upon its consent to the personal jurisdiction of courts of this District with respect to this action; and (ii) 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Glencore's claim occurred in this District.

## FACTS

**I.   Trafigura Agrees to Purchase RBOB from Glencore and Pay All Associated Taxes and Fees**

11. On or about June 6, 2018, Glencore and Trafigura agreed that Glencore would sell and deliver 300,000 barrels (+/- 10 percent at Seller's option) of RBOB to Trafigura, with delivery to take place at a safe berth or port in New York Harbor between June 15 and June 25, 2018.

12. Glencore sent Trafigura a contract memorializing the complete terms of their June 6, 2018 transaction (the "FPMC20 Contract").

13. On or about June 6, 2018, Glencore and Trafigura entered into a separate agreement that Glencore would sell and deliver 300,000 additional barrels (+/- 10 percent Seller's option) of RBOB to Trafigura, with delivery to take place at a safe berth or port in New York Harbor between June 20 and June 30, 2018.

14. Glencore sent Trafigura a contract memorializing the complete terms of their June 6, 2018 transaction (the "Nave Pulsar Contract").

15. Under Section 13 of the FPMC20 Contract and the Nave Pulsar Contract, Trafigura agreed to pay any taxes and fees incurred by Glencore in connection with the sale and delivery of the RBOB.

16. Specifically, Section 13 reads as follows:

3

>    <u>Any taxes, tariffs, duties, fees, or other imposts ("Taxes") incurred by Seller which arise in connection with the sale and supply of the product and are customarily paid by Buyer to Seller</u> shall be for the account of Buyer.  This requirement includes taxes now or hereafter imposed by federal, state or local governments; however, this shall not apply to income or franchise taxes, or any taxes that are barred from being passed-through.
>
>    If Buyer is entitled to purchase products free of any tax, fee or charge, Buyer shall furnish to Seller the necessary exemption certificates or licenses to cover such purchases prior to the delivery date.  If Buyer provides exemption certificates or supporting documentation after the delivery date, then the tax will be removed from the invoice or refunded, only if Seller obtains a credit or refund from the applicable taxing authority.
>
>    Buyer shall be the importer of record into the country of destination and shall pay all import duties, taxes, costs and fees applicable to the import of the subject cargo.

(Emphasis supplied.)

### A.  FPMC20 Contract Amendments

17.    On June 21, 2018, the Parties agreed to amend the FPMC20 Contract to allow for delivery of the RBOB in Providence, Rhode Island and New Haven, Connecticut, rather than New York Harbor.

18.    On July 3, 2018, the Parties agreed to amend certain other terms of the FPMC20 Contract (the "FPMC20 Amendment").  The taxes clause assigning Trafigura responsibility for taxes, and the delivery location of Rhode Island, remained the same as in the June 21, 2018 FPMC20 Contract.

### B.  Nave Pulsar Contract Amendments

19.    On or about June 26, 2018, the Parties agreed to amend the Nave Pulsar Contract to allow for delivery of the RBOB in East Providence, Rhode Island and Everett, Massachusetts, rather than New York Harbor.

20. On June 11, 2018, the Parties agreed to amend certain other terms of the Nave Pulsar Contract (the "Nave Pulsar Amendment"). The taxes clause assigning Trafigura responsibility for taxes, and the delivery location of Rhode Island, remained the same as in the June 26, Nave Pulsar Contract.

## II. Trafigura Does Not Pay the Rhode Island Taxes and Fees Incurred By Glencore in Connection with the Nave Pulsar and FPMC20 Contracts

21. Rhode Island law imposes various taxes and fees in connection with the sale of motor fuels within the State of Rhode Island. Two of those taxes and fees are:

a. The "Motor Fuel Tax": Under Rhode Island General Laws § 31-36-7(a)-(b), the State of Rhode Island imposes a tax of thirty-four cents ($0.34) per gallon on all taxable gallons of fuel sold or used in the state. Under § 1.13(A) of Rhode Island Regulation 280-RICR-20-50-1, "[a] nonregistered distributor or exporter purchasing motor fuel in Rhode Island for shipment within or outside this state must pay the Rhode Island motor fuel tax to the Rhode Island distributor."

b. The "Oil Spill Fee": Rhode Island General Laws § 46-12.7-4.1(a) imposes a "uniform oil spill response and prevention fee in an amount not exceeding five cents ($.05) for each barrel of petroleum products . . . upon every person owning petroleum products at the time the petroleum products are received at a marine terminal within this state by means of a vessel from a point of origin outside this state." R.I. Gen. Laws § 46-12.7-4.1(a). "Every owner of petroleum products shall be liable for the fee until it has been paid to the state, except that payment to a marine terminal operator registered under this chapter is sufficient to relieve the owner from further liability for the fee . . . ." R.I. Gen. Laws § 46-12.7-4.1(b).

### A. Glencore Incurs Taxes and Fees in Connection with its Delivery of RBOB to Trafigura in Rhode Island

22. On June 29, 2018, while docked at the Shell Terminal in Providence, Rhode Island, Glencore's nominated vessel, the *FPMC20*, delivered 4,204,731.30 gallons of RBOB to Trafigura.

23. On July 3, 2018, while docked at the Exxon Mobile Terminal in East Providence, Rhode Island, Glencore's nominated vessel, the *Nave Pulsar*, delivered 7,530,217.80 gallons of RBOB to Trafigura.

24. Under the terms of the FPMC20 and Nave Pulsar Amendments, title and risk of loss to the RBOB passed to Trafigura "when the Product passe[d] the vessel's permanent flange at the discharge port."

25. At the time the RBOB passed the delivery vessels' permanent flange at discharge port, the *FPMC20* and the *Nave Pulsar* were located in the territorial jurisdiction of the State of Rhode Island.

26. Accordingly, under Rhode Island General Laws § 31-36-7(a), Glencore's delivery of RBOB to Trafigura was subject to the Motor Fuel Tax because the RBOB was sold in the State of Rhode Island.

27. In addition, at the time the RBOB passed the delivery vessels' permanent flange, Trafigura was not a registered distributor or exporter of motor fuel in Rhode Island.

28. At the time the RBOB passed the delivery vessels' permanent flange, Glencore was a registered distributor of motor fuels in the State of Rhode Island.

29. Accordingly, under §1.13(A) of Rhode Island Regulation 280-RICR-20-50-1, Trafigura (as a nonregistered distributor or exporter purchasing the motor fuel in Rhode Island for

6

shipment within or outside the state) was required to pay the Motor Fuel Tax to Glencore (the Rhode Island distributor).

30. Even if such taxes had not been required to be paid by Trafigura by the contracts and under Rhode Island law, such taxes are customarily paid by a buyer such as Trafigura to a seller such as Glencore.

31. Glencore paid the Rhode Island Department of Revenue ("DOR") $1,434,614.27 and $2,569,238.60 in satisfaction of the Oil Spill Fee and Rhode Island Motor Fuel Tax owed as a result of the FPMC20 Contract and the Nave Pulsar Contract, respectively.

   **B.**  **The Apex Oil Company Tax Letter Ruling**

32. Around the same time that the FPMC20 and Nave Pulsar Contracts were executed, Glencore entered into a similar transaction with Apex Oil Company ("Apex" and the "Apex Transaction").

33. The Apex Transaction similarly required Glencore to deliver fuel products to Apex in Rhode Island and was governed by a contract almost identical to the FPMC20 and Nave Pulsar Contracts at issue here. The Apex Transaction contract similarly passed title and risk of loss to Apex "as the Product passe[d] the delivery vessel's permanent flange at discharge port."

34. Following a dispute between Apex and Glencore as to which party was responsible for the Oil Spill Fee and Rhode Island Motor Fuel Tax, on October 5, 2018, the Rhode Island Department of Revenue, Division of Taxation, issued a letter to Glencore, holding that: (i) Glencore's delivery of RBOB to Apex pursuant to the Apex Transaction contract occurred in Rhode Island; and therefore (ii) the transaction is subject to both (a) the Oil Spill Fee and (b) Rhode Island Motor Fuel Tax (the "Rhode Island Tax Letter"). A true and correct copy of the Rhode Island Tax Letter is attached as **Exhibit A** hereto.

35. The Rhode Island Tax Letter's reasoning is equally applicable to the FPMC20 and Nave Pulsar Contracts, and makes clear that the taxes and fees incurred by Glencore for those transactions are Trafigura's responsibility.

### C. Trafigura Does Not Pay the Rhode Island Taxes and Fees Paid by Glencore

36. As stated above, under Section 13 of the FPMC20 Contract and the Nave Pulsar Contract, Trafigura agreed to pay all import duties, taxes, costs and fees that were incurred by Glencore in connection with the sale and supply of the RBOB, including the Motor Fuel Tax and the Oil Spill Fee.

37. On or about July 18, 2018, Glencore sent Trafigura an invoice for $2,569,238.60, representing the Motor Fuel Tax and Oil Spill Fee that Glencore had incurred in connection with the Nave Pulsar Contract and the July 3, 2018 delivery of RBOB to Trafigura at Providence, Rhode Island (the "Nave Pulsar Tax Invoice").

38. On or about October 22, 2018, Glencore sent Trafigura an invoice for $1,434,614.27, representing the Motor Fuel Tax and Oil Spill Fee that Glencore had incurred in connection with the FPMC20 Contract and the June 29, 2018 delivery of RBOB to Trafigura at Providence, Rhode Island (the "FPMC20 Tax Invoice").

39. Under the FPMC20 Contract and the Nave Pulsar Contract, Trafigura was required to pay the FPMC20 Tax Invoice and Nave Pulsar Tax invoice, respectively, no later than two New York banking days after Trafigura's receipt of each invoice. Trafigura failed to pay the invoices as required by the two contracts.

40. On September 18, 2018, Glencore requested an update on Nave Pulsar Tax Invoice for the outstanding tax obligation for the Nave Pulsar Contract in the amount of $2,569,235.60.

41. On October 12, 2018, Glencore again demanded that Trafigura pay the Nave Pulsar Tax Invoice.

42. On November 1, 2018, Glencore re-sent to Trafigura the Nave Pulsar and FPMC20 Tax Invoices for taxes owed on the two contracts.

43. Trafigura was responsible to pay these taxes, but did not. When it became clear that Trafigura was going to breach its obligations to pay, penalties and interest for failure to pay the taxes had already begun accruing. Glencore paid the tax obligations to avoid further penalties and interest from accruing.

44. Because of Trafigura's failure to pay these taxes, Glencore incurred interest on the taxes, in the amount of $33,187.42 for the FMPC20 delivery, and $40,440.36 for the Nave Pulsar delivery.

45. To date, Trafigura has not paid these tax obligations.

46. Both the FMPC20 Amendment and the Nave Pulsar Amendment contain a fee-shifting clause: "the successful Party is entitled to recover reasonable attorneys' fees in addition to any other available remedy."

## FIRST CAUSE OF ACTION
### (BREACH OF THE FPMC20 CONTRACT)

47. Glencore incorporates by reference the preceding allegations as if fully set forth herein.

48. The FPMC20 Contract is a valid and enforceable contract between Glencore and Trafigura.

49. Glencore has fully performed all of its obligations under the FPMC20 Contract.

50. Trafigura has breached its obligation under Section 13 of the FPMC20 Contract by refusing to pay the FPMC20 Tax Invoice in the amount of $1,434,614.27.

51. Glencore has suffered at least $1,434,614.27 in damages arising from Trafigura's refusal to pay the FPMC20 Tax Invoice, representing the Oil Spill Fee and the Motor Fuel Tax that Glencore incurred in connection with its performance of the FPMC20 Contract.

52. Glencore has suffered additional damages arising from Trafigura's refusal to pay the FPMC20 Tax Invoice in connection with the FPMC20 Contract, including interest of $33,187.42 imposed upon Glencore by the Rhode Island DOR.

## SECOND CAUSE OF ACTION

### (BREACH OF THE NAVE PULSAR CONTRACT)

53. Glencore incorporates by reference the preceding allegations as if fully set forth herein.

54. The Nave Pulsar Contract is a valid and enforceable contract between Glencore and Trafigura.

55. Glencore has fully performed all of its obligations under the Nave Pulsar Contract.

56. Trafigura has breached its obligation under Section 13 of the Nave Pulsar Contract by refusing to pay the Nave Pulsar Tax Invoice in the amount of $2,569,238.60.

57. Glencore has suffered at least $2,569,238.60 in damages arising from Trafigura's refusal to pay the Nave Pulsar Tax Invoice, representing the Oil Spill Fee and the Motor Fuel Tax that Glencore incurred in connection with its performance of the Nave Pulsar Contract.

58. Glencore has suffered additional damages arising from Trafigura's refusal to pay the Nave Pulsar Tax Invoice, including interest of $40,440.36 imposed upon Glencore by the Rhode Island DOR.

## THIRD CAUSE OF ACTION

### (ATTORNEYS' FEES)

59. Glencore incorporates by reference the preceding allegations as if fully set forth herein.

60. Both the FMPC20 Amendment and the Nave Pulsar Amendment contain a fee-shifting clause: "the successful Party is entitled to recover reasonable attorneys' fees in addition to any other available remedy."

61. Glencore is suffering ongoing damages arising from Trafigura's breaches of the FMPC20 Contract and the Nave Pulsar Contract, and has had to retain attorneys to file this lawsuit to recover damages for those breaches.

62. Glencore's attorneys' fees are in an amount to be determined during the pendency of this lawsuit.

## RELIEF REQUESTED

WHEREFORE, Glencore respectfully requests that the Court enter judgment in its favor and against Trafigura as follows:

A. On the First Cause of Action, an award of compensatory damages of no less than $1,434,614.27 in taxes plus $33,187.42 in interest required to be paid to the Rhode Island DOR, for a total of $1,467,801.69;

B. On the Second Cause of Action, an award of compensatory damages of no less than $2,569,238.60 in taxes plus $40,440.36 in interest required to be paid to the Rhode Island DOR, for a total of $2,609,687.96;

C. On the Third Cause of Action (or independently), an award of all reasonable attorneys' fees, costs, and expenses, under the Parties' two contracts or under statute;

D. An award of pre-judgment and post-judgment interest as allowed by law; and

E. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 2, 2019

                          MORRISON COHEN LLP

                    By: /s/ Jason Gottlieb
                        Jason Gottlieb
                        Valerie Sirota
                        909 Third Avenue
                        New York, New York 10022
                        (212) 735-8600

                        *Attorneys for Plaintiff*
                        *Glencore Ltd.*